UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-1021-H

TIFFANY GRACE                                                                                   PLAINTIFF

v.

NCO FINANCIAL SYSTEMS, INC.;
LVNV FUNDINGS, LLC; and
PSI LOUISVILLE INC.                                                                          DEFENDANTS

**MEMORANDUM ORDER AND OPINION**

This matter is before the Court on Plaintiff's motion to dismiss or remand Defendant PSI's counterclaims against Plaintiff and for dismissal of the third party claims PSI filed against Plaintiff's counsel prior to Defendants' removal to federal court. Plaintiff also requests costs and fees for having to make the filing. PSI in turn moves to withdraw its claims against Plaintiff and her counsel in their totality and seeks dismissal of Plaintiff's claims against it.

PSI is a debt collection firm that acquired Plaintiff's debt to Physician's in Emergency Medicine ("PEM") in February 2012. PEM rendered emergency medical services to Plaintiff in June 2010. Upon admission to PEM, Plaintiff signed a contract agreeing to pay a service charge of 18% per annum. In May 2012, PSI reported Plaintiff's debt in arrears to various credit bureaus, including in the reported amount the accrued 18% per annum service charge for unpaid medical services that Plaintiff contractually agreed to pay upon admission to PEM.

Plaintiff alleges that the service fee PEM charges is in fact a usurious interest rate under state law and that PSI is not legally entitled to it despite Plaintiff's signature on the contract. PSI's inclusion of the fee in its report of Grace's outstanding debt to collection agencies

constitutes the basis of Grace's four separate Fair Debt Collection Practice Act claims against PSI.[1]

Upon receiving the complaint, PSI contacted Plaintiff's counsel in a letter dated September 20, 2013 arguing that the claims against PSI were baseless: the debt was valid and PSI had verified the amount owed before making any report to the credit agencies. When Plaintiff refused to voluntarily dismiss the claims, PSI filed claims against Plaintiff and her counsel, Mr. McKenzie and Mr. Lewis, requesting that the claims against it be dismissed, that the outstanding debt be paid, and that CR 11 sanctions be levied against Plaintiff's counsel for bringing "frivolous, fraudulent, and unsupported" claims.

Days later, Defendant NCO removed the case to federal court with PSI's consent. Plaintiffs then sought to dismiss PSI's claim against Ms. Grace arguing that the debt she owed to PEM was automatically stayed pursuant to 11 U.S.C. § 362(a) when Plaintiff filed for bankruptcy on July 12, 2013.[2] Plaintiff also asked this Court to dismiss PSI's claims against McKenzie and Lewis, arguing that this Court has no basis for exercising jurisdiction, supplemental or otherwise, over those claims.

Plaintiff's request for dismissal of PSI's claims against Plaintiff, Mr. McKenzie, and Mr. Lewis is now moot: PSI has since moved to withdraw those claims in their totality. In light of the jurisdictional concerns regarding PSI's claims against McKenzie and Lewis that Plaintiff has

---

[1] Specifically, Plaintiff claims PSI's actions violate 15 U.S.C. § 1692f(1) (attempting to collect a debt that is not permitted by law by attempting to collect unlawful and usurious interest from Ms. Grace); 15 U.S.C. § 1692e(2)(A) (falsely representing the character, amount, and/or legal status of the debt by adding an unlawful interest on the balance due to PEM); 15 U.S.C. § 1692e(5) (threatening to take action that cannot legally be taken by attempting to recover usurious interest and/or fees from Ms. Grace); and 15 U.S.C. § 1692e(8) (reporting a "grossly inflated" amount due on Ms. Grace's debt to PEM to consumer reporting agencies in an attempt to collect a debt from her, which constitutes communicating credit information that PSI knew or should have known was false).

[2] Plaintiff did not inform PSI of her bankruptcy petition until McKenzie communicated this to Stephen Brooks, PSI's counsel, on October 16, 2013, days after PSI filed its answer and counterclaims in state court. While PSI was a named creditor in the petition, Plaintiff did not include an address, so PSI was not properly noticed.

raised, allowing withdrawal is the soundest course of action here. No costs or attorney's fees will be awarded to Plaintiff on account of the Plaintiff's required defense of the counterclaims.

The Court has reviewed the pending motions to dismiss and believes that a conference would be helpful. The Court's deputy, Andrea Morgan, will contact the parties in the near future.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand or Dismiss Counterclaims Against Plaintiff; Motion to Dismiss Claims Against Plaintiff's Counsel; and Request for Award of Costs and Attorneys' Fees (DN 8) is DENIED.

IT IS FURTHER ORDERED that Defendant PSI Louisville Inc.'s Motion to Withdraw Counterclaim (DN 9) is SUSTAINED.

IT IS FURTHER ORDERED that the Court reserves its ruling on Defendant PSI's Motion to Dismiss PSI Louisville, Inc. as a Party (DN 9) until after a status conference that the Courtroom Deputy will schedule with the parties forthwith.

cc:    Counsel of Record